[No. 6-39960-3. Division Three. October 21, 1969.]

AUDREY J. MORGAN, *Appellant*, v. AID ASSOCIATION FOR LUTHERANS, *Respondent*.

*Horton, Wilkins & Horton, Hugh B. Horton,* and *John A. Wilkins,* for appellant.

*Herbert H. Freise,* for respondent.

MUNSON, J.—Appellant appeals from a judgment dismissing her complaint against the respondent, in which she seeks to recover the proceeds of her deceased husband's life insurance policies.

Appellant's husband had two life insurance policies with the respondent—one taken out in 1965 in the amount of $6,000, and the other taken out in 1966 in the amount of $15,000, each with a double indemnity provision. The quarterly premium payments on both policies, totaling $121.42, became due on June 2, 1966. Under the provisions of the

certificates of insurance, policy holders have a 31 day grace period during which past due premiums may be paid without evidence of insurability. Respondent's provided an additional special offer period of 30 days following the grace period. During the special offer period the insurance could be reinstated, but only after compliance with certain conditions. This special offer period expired August 2, 1966. Appellant made no payment until August 4, 1966, when two representatives of respondent came to her home. The trial court found that at this time, Herman Weick, an agent of respondent, encouraged payment of the premiums and made reassuring remarks which were intended to be construed, and were construed, as representations of Weick's belief that the policies would be continued in effect. Further, the court found that Weick knew it was the company's policy that membership in the association, as well as coverage, lapsed unless full payment of the premiums was received by the agent or mailed to the company prior to the expiration of the special offer period. Additionally, the court found Weick was aware (but did not inform Mrs. Morgan when he accepted the premiums on August 4, 1966) that the company would not reinstate the policies of insurance without first receiving an application for reinstatement signed by the insured. Further, even though Weick had such an application form with him at the time he collected the premiums, he made no attempt to have it executed. Weick sent the premiums to the company on August 5, 1966. When the payment was received by the respondent at its home office in Appleton, Wisconsin, it was placed in a special account because of the lapsed status of the two certificates. In the interim, appellant received notice of her husband's accidental death from asphyxiation in his hotel room in Saigon, South Vietnam on August 6, 1966, Vietnam time. Respondent was promptly notified of this fact and subsequently returned appellant's premium payments, denying coverage under the certificates for nonpayment of premiums. Appellant instituted this action.

Both Weick and appellant were aware that the date of

payment of the premiums was beyond both the grace and the special offer periods.

The grounds upon which appellant claimed recovery at the trial level, and seeks recovery in this court, are the related doctrines of equitable estoppel and waiver; *i.e.,* estoppel to deny lapse of the certificates and waiver of the reinstatement application.

Equitable estoppel has been defined as

a bar which precludes a person from denying or asserting anything to the contrary of that which has, in contemplation of law, been established as the truth, . . . by his own deed, acts, or representations, either express or implied.

28 Am. Jur. 2d *Estoppel and Waiver* § 1, 599, 600.

■ The elements of estoppel in pais are set forth in *Stouffer-Bowman, Inc. v. Webber,* 18 Wn.2d 416, 427-428, 139 P.2d 717 (1943) as follows:

In 19 Am. Jur., p. 642, § 42, we find the following relative to equitable estoppel:

"The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially."

Estoppels must be certain to every intent, and are not to be taken as sustained by mere argument or doubtful inference. No party ought to be precluded from making out his case according to its truth unless by force in some positive principle of law. Hence, the doctrine of estoppel *in pais* must be applied strictly, and should not be enforced unless substantiated in every particular.

The trial court found there was no equitable estoppel. With this conclusion, we agree. The certificates specifically state that the agents of respondent have no authority to bind the company by the acceptance of overdue premiums. Appellant had possession of these certificates. Nor, is there any testimony which would support a finding that appellant believed the agent had apparent authority to extend the time for payment of the premiums.

■ Waiver has been defined as

the voluntary and intentional relinquishment of a known right, claim, or privilege. . . . [It] is a voluntary act and implies election by a person to dispense with something of value or to forgo some right or advantage which he might at his option have demanded and insisted upon.

28 Am. Jur. 2d *Estoppel and Waiver* § 154, 836.

Given the facts in this case, respondent had the opportunity and the right to either exercise a waiver or not. They chose not to waive the requirement of the reinstatement application and refunded appellant's premiums. This requirement could not be waived by Weick.

Judgment is affirmed.

EVANS, C. J., and GREEN, J., concur.

---

Petition for rehearing denied November 19, 1969.